UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>POLLIN/MILLER HOSPITALITY STRATEGIES, INC. d/b/a PM HOTEL GROUP,<br><br>Defendant. | :<br>: Civil Action No.: 1:22-cv-01661<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# COMPLAINT

Plaintiff, Starr Indemnity & Liability Company, by and through its attorney, Ross M. Chinitz of Starr Insurance Holdings, Inc., hereby demands judgment against defendant Pollin/Miller Hospitality Group, Inc. d/b/a PM Hotel Group, and in support thereof alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Starr Indemnity is a property and casualty insurance company incorporated in the State of Texas.

2. Starr Indemnity maintains its main administrative office at 399 Park Avenue, New York, New York.

3. For diversity purposes, Starr Indemnity is a citizen Texas and New York.

4. Defendant is a corporation duly organized and existing under the law of the Commonwealth of Virginia.

5. Defendant is an authorized foreign limited liability company in the District of Columbia.

6. Defendant maintains its headquarters and principal place of business at 200 K Street, NW, Suite 600, Washington, DC   20006.

7. Defendant maintains its headquarters and principal place of business at 5425 Wisconsin Avenue, Suite 700, Chevy Chase, MD   20815.

8. For diversity purpose, defendant is a citizen of Virginia, the District of Columbia, and Maryland.

9. The amount in controversy between the parties is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

10. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

11. At the specific instance and request of Defendant, Starr Indemnity issued a workers compensation and employers liability insurance policy, under policy number 100 0003255, which covered the term June 1, 2018 to June 1, 2019 (the "2018 WC Policy").

12. At the specific instance and request of Defendant, Starr Indemnity issued a workers compensation and employers liability insurance policy, under policy number 100 0003255, which covered the term June 1, 2019 to June 1, 2020 (the "2019 WC Policy" and, together with the 2018 WC Policy, the "WC Policies").

13. The WC Policies are insurance contracts which provides insurance coverage for certain liabilities of Defendant as set forth therein in exchange for payment of premiums.

### 2018 WC Policy

14. Pursuant to the terms of the 2018 WC Policy, Defendant has certain deductible obligations to reimburse Plaintiff for amounts associated with claims submitted for coverage thereunder.

15. The 2018 WC Policy has a per accident deductible of One Million Dollars ($1,000,000.00) when the bodily injury occurs by accident.

16. The 2018 WC Policy has a per employee deductible of One Million Dollars ($1,000,000.00) when the bodily injury occurs by disease.

17. Pursuant to the terms of the 2018 WC Policy, Defendant must reimburse Starr Indemnity within 30 days from the date notice is sent that payment of amounts under the deductible are due.

18. As of the date of this Complaint, the claims and payments for which deductibles are owed by Defendant under the 2018 WC Policy are listed in Exhibit A attached hereto and made a part hereof.

19. As of the date of this Complaint, Defendant owes $111,789.66 for deductibles under the 2018 WC Policy.

### 2019 WC Policy

20. Pursuant to the terms of the 2019 WC Policy, Defendant has certain deductible obligations to reimburse Plaintiff for amounts associated with claims submitted for coverage thereunder.

21. The 2019 WC Policy has a per accident deductible of One Million Dollars ($1,000,000.00) when the bodily injury occurs by accident.

22. The 2019 WC Policy has a per employee deductible of One Million Dollars ($1,000,000.00) when the bodily injury occurs by disease.

23. Pursuant to the terms of the 2019 WC Policy, Defendant must reimburse Starr Indemnity within 30 days from the date notice is sent that payment of amounts under the deductible are due.

24. As of the date of this Complaint, the claims and payments for which deductibles are owed by Defendant under the 2019 WC Policy are listed in Exhibit B attached hereto and made a part hereof.

25. As of the date of this Complaint, Defendant owes $54,876.61 for deductibles under the 2019 WC Policy

26. Starr Indemnity demanded that Defendant reimburse it for the payment of the deductible amounts set forth in paragraphs 23 and 29 above, in a timely fashion.

27. Defendant has failed and refused to remit payment of the $166,666.27 owed to Starr Indemnity.

28. Defendant remains indebted to Starr Indemnity in the amount of $166,666.27 due to its failure and refusal to reimburse Starr Indemnity.

29. Starr Indemnity has fulfilled its contractual obligations and provided the insurance coverage afforded by the Policies.

### COUNT ONE
### Breach of Contract

30. Plaintiff incorporates by reference paragraphs 1 through 29, as if fully set forth herein.

31. Starr Indemnity, on numerous occasions prior to filing the instant litigation, demanded payment of $166,666.27 owed by Defendant.

32. Defendant has failed and refused to pay the deductibles due under the Policies.

33. Through its failure to reimburse Starr Indemnity, Defendant has breached the insurance contracts between the parties.

34. By reason of the foregoing, Starr Indemnity has sustained damages of $166,666.27, plus interest, and costs.

**WHEREFORE**, Starr Indemnity demands judgment against Defendant in the amount of $166,666.27 for compensatory damages, together with costs of suit, interest, and such other relief as this Court deems just and proper.

### COUNT TWO
### Unjust Enrichment

35. Plaintiff incorporates by reference paragraphs 1 through 29, as if fully set forth herein.

36. Starr Indemnity provided insurance coverage and related services to Defendant for which Defendant has refused to pay.

37. Defendant, through its refusal to pay for the insurance coverage and related services, has been unjustly enriched at Starr Indemnity's detriment.

38. Defendant has failed, refused, and continues to refuse to pay the balance due and owing to Starr Indemnity, thereby resulting in damages to Starr Indemnity in the amount of $166,666.27, plus interest, and costs.

**WHEREFORE**, Starr Indemnity demands judgment against Defendant in the amount of $166,666.27 for compensatory damages, together with costs of suit, interest, and such other relief as this Court deems just and proper.

Dated: June 9, 2022                               Respectfully Submitted,

STARR INSURANCE HOLDINGS, INC.

　　/s/ Ross M. Chinitz
Ross M. Chinitz
399 Park Avenue, 3rd Floor
New York, New York   10022
646-227-6409
ross.chinitz@starrcompanies.com
*Attorney for Plaintiff*
*Starr Indemnity & Liability Company*